UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BANK OF AMERICA, NATIONAL
ASSOCIATION, AS SUCCESSOR BY MERGER
TO LASALLE BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR THE
REGISTERED HOLDERS OF J.P. MORGAN
CHASE COMMERCIAL MORTGAGE
SECURITIES TRUST 2007-LDP 11,
COMMERCIAL MORTGAGE PASSTHROUGH
CERTIFICATES SERIES 2007-LDP 11,

                Plaintiff,

      -against-

JAY R. VIDERS,

                Defendant.

------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
CV 10-0025(DRH)(ARL)

**LINDSAY, Magistrate Judge:**

      This matter was referred to the undersigned by District Judge Denis R. Hurley for the

purpose of issuing a report and recommendation with respect to the amount of damages to be

awarded to the plaintiff.  By order dated January 3, 2011, the undersigned directed the plaintiff,

Bank of America, as Trustee ("plaintiff" or "Lender") to serve and file papers in support of the

damages claim, which the plaintiff has done.  By letter dated July 8, 2011, the parties informed

the district court that they had reached a resolution on the damages claim, except for plaintiff's

attorneys' fees.  By Order dated July 21, 2001, the district court so ordered the stipulation of

settlement in this action and directed that the case remain open pending resolution of plaintiff's

application for attorneys' fees.  For the reasons set forth herein, the undersigned respectfully

reports and recommends that the plaintiff be awarded attorneys' fees in the amount of $18,470.50

and costs in the amount of  $1,020.74, for a total award of $19,491.24.

# BACKGROUND

Plaintiff commenced this action against defendant Jay R. Viders ("defendant" or "Viders") asserting a claim for breach of a Master Lease Agreement. This action involves the collection incurred under the Master Lease (and the Agreement Concerning Master Lease) executed by Viders in connection with a commercial loan (the "Loan") secured by a mortgage given by the Lender to Commack Properties, LLC ("Commack"). Viders is the principal of Commack. Commack defaulted under the Loan. Plaintiff also commenced a foreclosure action against Commack and Viders. *See* Civil Action No. 09-5296 (the "Foreclosure Action"). By Memorandum and Order dated December 9, 2010, the district court granted Lender's motion for summary judgment on the foreclosure claim asserted in the Foreclosure Action and denied a cross-motion by the defendants therein to stay the matter pending arbitration.

After entry of summary judgment in the Foreclosure Action, by Memorandum and Order dated December 28, 2010, the district court granted summary judgment in the instant action in favor of plaintiff as to liability under the Master Lease Agreement. The district court found that under the Master Lease Agreement, Viders agreed to pay to Lender all amounts under the Master lease if there was an Event of Default. An Event of Default occurred when Commack failed to make monthly payments in July, August and September 2009. Thus, under the terms of the Master Lease Agreement, when Commack failed to make the monthly payments due July 2009, Viders was obligated to commence paying to Lender the amounts set forth in the Master Lease. Viders made no payments. The district court held that there was no dispute that Lender had been damaged as a result of the breach as it had not received the amounts due. The court found,

however, that there was a question as to the exact amount due and referred the matter of damages to the undersigned.

By letter dated July 8, 2011, the parties reported they had reached a resolution on the matter of damages, except as to attorneys' fees and costs, and that plaintiff had received good funds from the defendant, repaying the loan in accordance with the agreement between the parties. As to attorneys' fees and costs, the parties agreed to abide by the court's determination of the pending application. Pursuant to the district court's directives, the parties filed a stipulation of settlement on July 19, 2011. The plaintiff now seeks an award for attorneys' fees and costs. Defendant has not filed a response in opposition.

## DISCUSSION

Plaintiff seeks reimbursement of legal fees and costs in the amount of $40,976.49 for 81.35 hours of services rendered by McCarter & English, LLP (including $3,000 for additional fees anticipated through January 31, 2011 and in connection with the filing of the instant motion). As a contractual matter, plaintiff is entitled to recover reasonable attorneys' fees and costs (in connection with this action to enforce the performance of obligations) under the terms of the Master Lease. (Killick Aff.,¶ 22, Ex. D.)

**(A)     Attorneys' Fees**

Courts in this Circuit employ a "presumptively reasonable fee" standard to determine the amount to award as attorneys' fees, *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184 (2d Cir. 2008), which "boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively," *Simmons v. New York City Transit Auth.*, 575 F.3d 170,

174 (2d Cir. 2009) (internal quotation marks omitted).  In "asking what a reasonable, paying client would do, a district court best approximates the workings of today's market for legal services."  *Arbor Hill*, 522 F.3d at 192; *see McDaniel v. County of Schenectady*, 595 F.3d 411, 420 (2d Cir. 2010) (a presumptively reasonable fee represents an approximation of "what a competitive market would bear").  In order to reach the presumptively reasonable fee, the court assesses "case-specific considerations at the outset, factoring them into its determination of a reasonably hourly rate for the attorneys' work," which is then multiplied by a reasonable number of hours expended by counsel.  *McDaniel v. County of Schenectady*, 595 F.3d 411, 420 (2d Cir. 2010).  Case-specific considerations include, among others, the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1].  *See Arbor Hill*, 522 F.3d at 192.   In considering these case-specific factors, the court approximates the market rates "prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation."  *Cruz v. Local Union No. 3 of IBEW*, 35 F.3d 1148, 1159 (2d Cir. 1994) (internal quotation marks and citation omitted); *see 1st Bridge, LLC v. 682 Jamaica Avenue, LLC*, No. 08-CV-3401 (NGG) (MDG), 2010 WL 4608326, at *5 (E.D.N.Y. July 13, 2010).

**(1)    Hourly Rates**

The "presumptively reasonable fee" standard uses the hourly rates employed in the district in which the reviewing court sits, unless the party seeking fees "persuasively establish[es]

---

[1]Those factors include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal services properly; (3) the level of skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation and ability of the attorney; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Id.*

that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result." *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174-75 (2d Cir. 2009) (internal quotation omitted). "Fee awards in this district in recent years have approved hourly rates in the range of $200 to $400 for partners and $100 to $295 for associates," *Pita v. Tulcingo Car Service, Inc.*, No. 10-CV-0481 (DLI) (JO), 2011 WL 1790833, at *9 (E.D.N.Y. Apr. 7, 2011) (reviewing cases), and "$70 to $100 for paralegal assistants," *Brady v. Wal-Mart Stores, Inc.,* No. 03-V-3843 (JO), 2010 WL 4392566, at *5 (E.D.N.Y. Oct. 29, 2010) (citing cases).

In the instant matter, plaintiff seeks an award of fees based on the following hourly rates: (I) $400 to $550 for partners Eduardo J. Glas and Joseph Lubertazzi, Jr.; (ii) $395 for associate David Harty; (iii) $145 to $160 for paralegal Mabel Torres; and (iv) $150 for research analyst Edmund Dabkowski. Plaintiff cites no cases in support of the request, *see Cruz,* 34 F.3d at 1160 (burden is on the moving party to show the requested fees are reasonable), but merely states that the proposed rates of the firm McCarter & English, LLP for legal services provided to the Lender in connection with this breach of the Master Lease proceeding are reasonable. (Glass Decl. ¶ 4.) Although the plaintiff is represented by a Manhattan-based firm, the plaintiff has failed to show why out-of-district counsel would have produced a substantially better result. Moreover, plaintiff has provided no information concerning the attorneys' professional backgrounds, expertise or experience to justify the rates it seeks. *See Protection One Alarm Monitoring, Inc. v. Executive Prot. OneSec. Serv., LLC*, 553 F. Supp.2d 201, 209 (E.D.N.Y. 2008) ("Where the moving party fails to provide information on the attorneys' and paralegals' backgrounds and experience, courts have used their discretion to award fees at a rate lower than requested"). In short, plaintiff has failed to provide sufficient information to show that its requested hourly rates constitute the rates

a reasonable client would be willing to pay in a competitive market under all of the relevant circumstances.

In the absence of such information, the court looks for guidance to similar cases in this district. "[F]or actions in this District involving mortgages and promissory notes, attorneys' fees have been approved in the range of $150 to $175 (for senior associates) and $200 to $250 for partners." *BH99 Realty, LLC v. Qian Wen Li*, No. 10-CV-0693 (FB) (JO), 2011 WL 1841530, at *6 (E.D.N.Y. Mar. 16, 2011) (reducing claimed hourly rates to $250 for partner, $175 for senior associate, $150 for associate, and $80 for paralegals) and (quoting *Kochisarli v. Tenoso*, No. 02-CV-4320 (DRH) (MLO), 2008 WL 1882662, at *7 (E.D.N.Y. Apr. 24, 2008) ("reducing claimed hourly rates of $450 and $350 to $250 and $200 respectively); *see 1st Bridge, LLC,* 2010 WL 4608326, at *6 (approving requested hourly rate of $250 for partners as reasonable but acknowledging that the rate is at the higher end of the spectrum). Based on this precedent as well as the prevailing hourly rates in this district in other contexts, the undersigned recommends that the court award fees based on the following hourly rates: (I) $250 for partners Eduardo J. Glas and Joseph Lubertazzi, Jr.; (ii) $175 for associate David Harty; (iii) $80 for paralegal Mabel Torres; and (iv) $80 for research analyst Edmund Dabkowski.

### (2)    Hours Expended

The plaintiff must also show contemporaneous time records, detailing, "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). The Court must assess the reasonableness of the time expended and adjust those portions of an invoice that reflect "excessive, redundant or otherwise unnecessary" hours. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In this matter, the plaintiff submitted the declaration of Eduardo J. Glas and

contemporaneous itemized bills for legal services rendered by plaintiff's counsel, McCarter & English, LLP. (Glas Decl., Exh. A.) Plaintiff's counsel states that since this matter was billed in conjunction with the companion foreclosure action (*Bank of America v. Commack Properties*, CV 09-5296), the time entries dealing exclusively with the foreclosure action have been redacted. (Glas Decl. ¶ 3.) Additionally, plaintiff's counsel states that where time entries reflected time spent in both cases, the entry has been adjusted to reflect only time spent on the instant action. (*Id.*) Having reviewed the billing records, the undersigned finds that the plaintiff's submission sufficiently documents the number of hours expended in this action, with one exception, viz. plaintiff's request to recover $3,000.00 in "[a]dditional fees anticipated through January 31, 2011 and in connection with the filing of this Motion" (Glas Decl. ¶ 2, Ex. A). *See infra.*

Based on the court's independent calculation, the plaintiff seeks reimbursement for a total of 81.35 hours, with Mr. Glas expending 69.90 hours, Mr. Lubertazzi expending 3.85 hours, Mr. Harty expending 2.50 hours, Ms. Torres expending 4.10 hours, and Mr. Dabkowski expending 1.00 hour. With one exception,[2] the amount of work expended is reasonable given the relative duration and complexity of this litigation.

Therefore the court recommends an award of attorneys' fees as follows:

---

[2]Plaintiff submits one billing entry dated May 7, 2010 attributed to Mr. Glas which details the nature of the work as follows: prepare for conference; travel to/from Central Islip; attend conference; e-mail to client re: same. The time expended for this work reflect 6.50 hours. "It is well-established that within this circuit, time charged by an attorney for travel will be reimbursed at half of the attorney's [reasonable] hourly rate." *Field Day, LLC v. County of Suffolk*, No. CV 04-2202 (DRH) (ETB), 2010 WL 5491025, at *5 (E.D.N.Y. Sept. 9, 2010); *See Petrisch v. JP Morgan Chase*, No. 08 Civ. 4479 (RJS), 2011 WL 167629, at *18 (S.D.N.Y. Jan. 11, 2011) (noting that when determining attorneys' fees, courts "generally do not credit travel time at the attorney's full hourly rate and customarily reduce the amount awarded for travel to at least 50% of that rate"). As there is no indication in this submission as to the precise number of hours attributed to travel, the court will reduce the hours expended by 50%, resulting in a total of 3.25 hours for this entry. *See id.*

| Attorneys | Rates | Hours | Sub-Total |
|-----------|-------|-------|-----------|
| Eduardo J. Glas | $ 250 | 66.65 | $ 16,662.50 |
| Joseph Lubertazzi, Jr. | $ 250 | 3.85 | $    962.50 |
| David Harty | $ 175 | 2.50 | $    437.50 |
| Mabel Torres | $  80 | 4.10 | $    328.00 |
| Edmund Dabkowski | $  80 | 1.00 | $     80.00 |
| Total: | | | $ 18,470.50 |

Finally, in support of plaintiff's request for an additional $3000.00 in attorneys' fees, counsel for plaintiff submits the Declaration of Eduardo J. Glas which states that McCarter & English LLP "anticipates that it will bill an additional $3,000.00 in connection with the filing of this application," submits a one-line item in its Billing Detail Summary page setting forth an amount of $3,000.00 for "Additional fee anticipated through January 31, 2011 and in connection with the filing of this Motion," but has not submitted any contemporaneous time records. (Glas Decl. ¶ 2, Ex. A.) The undersigned declines to recommend the additional attorneys' fees requested given the absence of evidence substantiating this amount. *Carey*, 711 F.2d at 1148.

Accordingly, the undersigned respectfully reports and recommends that the court award plaintiff $18,470.50 in attorneys' fees.

**(B)      Attorneys' Costs**

The plaintiff also seeks costs in the amount of $1,020.74 for the relevant time period. Court filing fees, process server, photocopies, and other "[o]ut of pocket litigation costs are generally recoverable if they are necessary for the representation of the client." *AW Indus.,Inc. v. Sleep Well Mattress, Inc.*, No. 07-CV-3969 (SLT) (JMA), 2009 WL 485186 at *6 (E.D.N.Y. Feb. 26, 2009) (quoting *Tri-Star Pictures v. Unger*, 42 F. Supp. 2d 296, 306 (S.D.N.Y. 1999)). Plaintiff's counsel has submitted a detailed record of court filing fees, photocopying expenses, process service fees, travel fees, express mail and postage fees, and legal research. (Glas Decl.,

Ex. A.)  The court finds the estimate to be reasonable.

Accordingly, the undersigned respectfully reports and recommends that plaintiff be awarded costs in the amount of $1,020.74.

## OBJECTIONS

The plaintiff is directed to serve a copy of this Report and Recommendation on the defendant by certified mail, return receipt requested.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service.  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile,* P.C., 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       July 26, 2011

                                        _____/s/_____
                                        ARLENE R. LINDSAY
                                                United States Magistrate Judge