UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BANK OF AMERICA, NATIONAL
ASSOCIATION, AS SUCCESSOR BY
MERGER TO LASALLE BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR THE            **ORDER**
REGISTERED HOLDERS OF J.P. MORGAN            10 CV 0025 (DRH)(ARL)
CHASE COMMERCIAL MORTGAGE
SECURITIES TRUST 2007-LDP 11,
COMMERCIAL MORTGAGE
PASSTHROUGH CERTIFICATES
SERIES 2007-LDP 11,

         Plaintiff,

   -against-


JAY R. VIDERS,

         Defendant.
------------------------------------------------------------------X

**HURLEY, Senior District Judge:**

      By Order dated December 28, 2010, the Court granted plaintiff lender's motion for summary judgment as to liability and referred the matter to Magistrate Judge Lindsay pursuant to 28 U.S.C. § 636, for a Report and Recommendation ("Report") as to the appropriate amount of damages, attorney's fees and costs to be awarded. (Docket No. 22.) Shortly thereafter, defendant filed an appeal of that Order to the Second Circuit, which he later withdrew. (Docket Nos. 24, 28.)

      On July 8, 2011, the parties filed a joint letter to the Court, indicating that they had reached a settlement "on all matters other than attorney's fees." (Docket No. 30.) On that issue alone, the parties deferred to the Court's determination on plaintiff's then-pending application, which in addition to attorney's fees, had also sought damages and costs. (Docket No. 27.)

On July 26, 2011, Judge Lindsay filed a Report, recommending that plaintiff be awarded attorney's fees in the amount of $18,470.50 as well as costs in the amount of $1,020.74. (Docket No. 33.) Although it is not entirely clear from the parties' July 8, 2011 letter whether they intended the remaining issue of "attorney's fees" to encompass costs as well, more than fourteen days have passed since the entry of the Report, which recommends the award of costs, and neither party has filed objections. The Court therefore assumes that the parties intended to defer to the Court on the matter of costs as well as attorney's fees. In any event, by failing to file objections, the parties (and defendant in particular) have waived appellate review of Judge Lindsay's recommendation that costs also be awarded. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003)("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point.")

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, this Court has reviewed the Report for clear error, and finding none, now concurs in both its reasoning and its result. Accordingly, this Court adopts the July 26, 2011 Report of Judge Lindsay as if set forth herein. The Clerk of Court is directed to enter judgment as follows: plaintiff recovers from defendant in the amount of $19,491.24.

SO ORDERED.

Dated: Central Islip, N.Y.
       September 23, 2011                                                   /s/
                                                                         Denis R. Hurley
                                                                         United States District Judge